**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WESLEY AND ASHLEY NAUL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-537-RLB** |
| **MARSHALL JACKSON, ET AL.** | **CONSENT** |

<u>**ORDER**</u>

This matter is before the court on Defendants' Second Motion in Limine (R. Doc. 29) filed on October 7, 2015.  In accordance with Local Rule 7(f), the court extended the deadline for Plaintiffs to respond to this motion to December 7, 2015. (R. Doc. 37 at 3).  Plaintiffs have not filed an opposition as of the date of this Order.  The motion is therefore unopposed.

**I.     Background**

On July 1, 2014, Wesley Naul and Ashley Naul (collectively "Plaintiffs") filed this suit in the 21st Judicial District Court for the Parish of Livingston, Louisiana, naming as defendants Marshall Jackson ("Jackson"); Hines Trucking, Inc. ("Hines"); and Liberty Mutual Fire Insurance Company ("Liberty Mutual") (collectively "Defendants"). (R. Doc. 1-9).  In the Petition for Damages, Plaintiffs allege that on July 11, 2013, Mr. Naul sustained personal injuries as a result of an auto collision with a truck driven by Mr. Jackson. Plaintiffs allege that at the time of the collision, Mr. Jackson was acting in course and scope of his employment with Hines and, therefore, Hines is vicariously liable for the damages.  Plaintiffs further allege that Liberty Mutual is liable for damages as the insurer of Hines.

This matter was removed by Hines on August 27, 2014, on the basis that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1).

The instant Motion in Limine seeks an order "(1) allowing all evidence, testimony, and argument from defendants regarding any attorney-negotiated medical write-offs or discounts obtained as a product of [Plaintiffs'] litigation; (2) prohibiting all evidence, testimony, and argument of the entire total billed amount pre-adjustment or pre-write-off; and (3) allowing evidence, testimony, and argument of only the discounted amount which is or will be paid." (R. Doc. 29).

## II.     Law and Analysis

"As adopted by the Louisiana Supreme Court, the collateral source rule is a rule of evidence and damages." *Kadlec Med. Ctr. v. Lakeview Anesthesia Associates*, 527 F.3d 412, 425 (5th Cir. 2008). "The rule provides that payments made to or benefits conferred upon an injured party from sources other than the tortfeasor, notwithstanding that such payments or benefits cover all or a part of the harm for which the tortfeasor is liable, are not credited against the tortfeasor's liability." *Id*. (citing *Bozeman v. State*, 879 So.2d 692, 697 (La. 2004)).  Concerned with the potential for a "windfall" or "double-dipping" by the plaintiff, the Louisiana Supreme Court has held that the collateral source rule may only apply where "the injured party's patrimony was diminished to the extent that he was forced to recover against outside sources and the diminution of patrimony was *additional* damage suffered by him." *Bozeman*, 879 So.2d at 699 (collateral source rule does not apply to Medicaid write-offs because no consideration was provided for that benefit).  The Louisiana Supreme Court has recently applied this line of reasoning in holding that the collateral source rule does not apply to attorney-negotiated write-offs or discounts of medical expenses obtained through the litigation process. *See Hoffman v. 21st Century North American Insurance Company*, No. 2014-2279, 2015 WL 5776131, -- So.3d -- (La. Oct. 2, 2015).

2

"Because the collateral source rule is a rule of damages-in addition to an evidentiary rule-under Louisiana law, which applies in this diversity case, Rules 401 and 402 of the Federal Rules of Evidence are implicated." *Kadlec Med. Ctr. v. Lakeview Anesthesia Associates*, No. 04-0997, 2006 WL 897223, at *1-2 (E.D. La. Mar. 14, 2006).  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Here, Defendants argue that because the collateral source rule does <u>not</u> apply to attorney-negotiated medical write-offs or discounts obtained through the litigation process, any evidence regarding Mr. Naul's total medical expenses prior to any such write-offs or discounts is irrelevant and inadmissible.  Plaintiffs do not oppose Defendants' position.[1]  In particular, Plaintiffs have not indicated any additional damages to their patrimony that would justify the receipt of a "windfall" or "double recovery" as represented by attorney-negotiated write-offs or discounts.  Furthermore, Plaintiffs have not identified the potential relevance of the total amounts billed for medical expenses prior to any applied attorney-negotiated write-offs or discounts.

Accordingly, the court finds evidence of the total amounts billed by physicians prior to the application of attorney-negotiated write-offs or discounts to be irrelevant, and, accordingly, inadmissible.  With regard to medical expenses, the parties shall only offer evidence of the actual amount paid or to be paid after the application of attorney-negotiated write-offs or discounts.  Likewise, all evidence, testimony, and argument <u>regarding</u> any attorney-negotiated medical write-offs or discounts obtained as a product of the instant litigation is irrelevant, and,

---

[1] At the pretrial conference, Plaintiffs' counsel indicated that he was not aware of any difference between billed medical expenses and the actual amount which would be paid.

accordingly, inadmissible.  In short, to the extent the Plaintiffs received attorney-negotiated medical write-offs or discounts, the parties shall only offer evidence of the discounted amounts.

## III.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendants' Second Motion in Limine (R. Doc. 29) is **GRANTED IN PART and DENIED IN PART** in accordance with the terms of this Order.

Signed in Baton Rouge, Louisiana, on December 30, 2015.


_____
    **RICHARD L. BOURGEOIS, JR.**
    **UNITED STATES MAGISTRATE JUDGE**